IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 335-03





TOMAS URIAS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


ECTOR COUNTY




 

 

 Johnson, J., joined by Meyers, Price, Womack, Keasler, Hervey,
Holcomb, and Cochran, JJ., delivered the opinion of the Court. Keller, P.J., dissents.


O P I N I O N



 Appellant was charged with intentionally and knowingly causing the death of an individual by
shooting him with a firearm. A jury found him guilty as charged and assessed punishment at forty-eight
years of imprisonment. On appeal, the court of appeals reversed the judgment of the trial court and
remanded the cause for a new trial. Urias v. State, 104 S.W.3d 578 (Tex. App. - El Paso 2003). The
State Prosecuting Attorney appealed.

 Appellant was in jail on a drug charge when police questioned him about the instant murder, which
had occurred several years earlier. Although appellant was known by police to be represented in the drug
case by counsel and one of the interrogating officers had been informed by counsel that he wanted to be
present when officers interviewed appellant, two officers questioned appellant without contacting his
attorney. The officers began by continuing discussions about the drug case, but soon went on to the
murder. During this interview, parts of which were recorded on audiotape, appellant stated that he wanted
to stop. The tape recorder was turned off for eight minutes; it was then turned back on, and appellant
made a recorded confession to the murder.

 The trial court denied appellant's motion to suppress. At trial, appellant again objected to the
admission of the audiotape of the confession or the transcription of it. The trial court overruled appellant's
objection and admitted those items into evidence, and the jury convicted appellant.

 On appeal, appellant's sole point of error claimed that the trial court erred when it did not suppress
the recorded confession, alleging that it was obtained in violation of his Fifth Amendment right to remain
silent under Miranda v. Arizona, 384 U.S. 436 (1966). The court of appeals concluded that the trial court
erred in admitting the confession and that the error was not harmless. It therefore reversed the judgment
of the trial court and remanded the cause to that court for a new trial. Urias v. State, 104 S.W.3d at 587-88.

 We granted the State Prosecuting Attorney's petition for discretionary review, which in two
grounds challenges the court of appeals' decision: the court of appeals failed to 1) "'afford almost total
deference' to the trial court's determination of a mixed question of law and fact that turned on a credibility
determination," and 2) "consider evidence that strongly supports the trial court's implied factual findings." 
The State Prosecuting Attorney asserts that these are mixed questions of law and fact with disputed facts
(i.e. whether questioning continued during the eight-minute gap) which are dependent upon credibility
determinations; thus, the trial court's resolution of the issue should be afforded deference.

 When the voluntariness of a statement is challenged, article 38.22, § 6, of the Texas Code of
Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to
whether the challenged statement was made voluntarily. It is well settled that Article 38.22, § 6, "is
mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law
regarding the voluntariness of a confession whether or not the defendant objects to the absence of such
omitted filing." Wicker v. State, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987), cert. denied, 485 U.S.
938 (1988). See also McKittrick v. State, 535 S.W.2d 873, 876 (Tex. Crim. App. 1976). Our review
of the record reflects that the trial court did not issue the requisite written findings of fact and conclusions
of law. Thus, the court of appeals made its decision without the benefit of the requisite findings and
conclusions.

 The proper procedure is that the trial judge be directed to make the required written findings of fact
and conclusions of law. Wicker, supra. We remand this cause to the court of appeals with instructions to
require compliance by the trial court with the provisions of Article 38.22, § 6, and reconsider the
voluntariness of appellant's confession in light of those findings of fact and conclusions of law.

 Johnson, J.

Filed: October 20, 2004

En banc

Publish